## SCHUBERT v. McLAIN & McLAIN.
### No. 3364.

Court of Civil Appeals of Texas. Amarillo. Feb. 26, 1930.

Rehearing Denied April 2, 1930.

Jos. H. Aynesworth and Hiram K. Aynesworth, both of Stinnett, for appellant.

Jot Horton, of Spearman, for appellees.

JACKSON, J.

This suit was instituted in the district court of Hansford county, Tex., by the plaintiffs, M. L. and L. S. McLain, against the defendant, W. A. Schubert, on a promissory note for the sum of $941.33 and interest thereon at the rate of 6 per cent. per annum from date until paid.

Plaintiffs allege:

That on or about June 22, 1928, the defendant made, executed, and delivered his promissory note, for a valuable consideration, payable to the American Alliance Insurance Company on or before July 15, 1928, for insurance on his crop of wheat and barley grown in the year 1928 on certain lands described in said note and fully set out in their petition. Plaintiffs allege that at the time of the execution and delivery of the note, and contemporaneous therewith, the defendant made application for hail insurance to the American Alliance Insurance Company for insurance covering his interest on wheat and barley grown on said lands.

That said note was executed in payment of the premium due the American Alliance Insurance Company for insuring the defendant against loss to his grain by hail, and covered

a period of time beginning twenty-four hours after the hour and date of the actual signing of said application by the defendant and the agents of the insurance company, 9 o'clock a. m., June 22, 1928, and ending August 5, 1928, unless the same was canceled under the provisions of said application. That said application provided that it was understood and agreed that the insurance was to take effect twenty-four hours after the execution of the application and be binding as a special agreement for twenty-four hours after the receipt of said application by the insurance company at its policy writing office in Oklahoma City, Okl. That during said twenty-four hours the insurance company should either complete the contract by the issuance of a policy or reject the application by sending a telegram or registered letter addressed to the defendant at Spearman, Tex., either of which, if sent, would immediately terminate the application for insurance when such telegram or letter reached the post office or telegraph office at Spearman, Tex., and, if the application was not so rejected, the insurance would continue in full force and effect for the time provided in such application.

That the insurance company received the application at its office in Oklahoma City, Okl., gave defendant no notice of its rejection, but, in accordance with the terms and provisions thereof, on June 25, 1928, issued an insurance policy for $7,650, covering defendant's wheat and barley, and mailed such policy to its agents, McLain & McLain, at Spearman, Tex., which was by them mailed to defendant at his post office address at Spearman, Tex. That, by reason of such application and policy, the defendant was protected by insurance on his wheat and barley against loss on account of hail for the period of time covered by said instruments.

That on or about November 1, 1928, the American Alliance Insurance Company, for a valuable consideration, sold, transferred, and assigned said note to plaintiffs, who are now the legal owners and holders thereof. That said note provided that, in the event default was made in the payment thereof, the defendant would pay reasonable attorney's fees for the collection thereof. That the defendant, though often requested, has failed and refused to pay said note or any part thereof, and still fails and refuses, to the damage of plaintiffs in the sum of $941.33, with interest at the rate of 6 per cent. per annum from date and attorney's fees in the sum of $150, which plaintiffs allege is reasonable.

The defendant answered, alleging that the plaintiffs were the agents of the American Alliance Insurance Company, and were not holders of said note for value without notice; denied that the policy was ever delivered, and alleged that the only consideration for said note was the binding force and effect of the application for said insurance and the binding force and effect of said policy of insurance thereafter to be issued in pursuance to said application; that the proposed insurance contract was to be either rejected, and the defendant notified thereof, or that said contract was to be completed by the issuance of a policy, and that said contract was never completed and such policy issued as provided in said application; that said application was received at the Oklahoma City office on June 25, 1928, but was not, in fact, approved by the company, and was never approved and a policy issued, but that, if it be true that any policy was ever issued, it was on July 13, 1928, and not in accordance with the application; that the defendant had cut a great portion of his standing grain at that time, and that by the terms of the application for insurance it was provided that it should not cover or protect grains that were cut and saved, and that, at the time the policy was issued, on said date there was little, if anything, left to be covered by said policy, and the defendant was without insurance during said period, and, when said policy was delivered, if at all, it was null and void and of no force and effect. Based on the facts alleged, the defendant, by a verified plea, urged failure of consideration of said note.

Plaintiffs filed a supplemental petition, consisting of special exceptions and general denial and some other matters which we deem it unnecessary to set out here.

At the conclusion of the testimony, the court directed the jury to find for the plaintiffs the amount of principal, interest, and attorney's fees in said note sued upon, and on such directed finding the court rendered judgment that the plaintiffs have and recover of and from the defendant $1,157.22, the amount of principal, interest, and attorney's fees, together with their costs, from which judgment this appeal is prosecuted.

The appellant assigns as error the action of the trial court in directing a verdict against him, because the testimony presented issues of fact on his plea of total failure of consideration and his contention of partial failure of consideration.

The record discloses that the application for insurance was signed by the appellant and the agents of the insurance company, McLain & McLain, at Spearman, Tex., at 9 o'clock a. m. on June 22, 1928. That this application was received at the policy writing office of the insurance company in Oklahoma City, Okl., on June 25, 1928; that no notice of the rejection of such application was given to appellant at Spearman, Tex., either by wire or registered letter, but that on June 25th a policy was issued by the company for the amount of the application covering the crops of appellant on the lands described until August 5, 1928, for the premium of $941.33, represented by the note sued on; that the policy was

mailed to McLain & McLain, agents for the American Alliance Insurance Company on July 13, 1928, this delay being caused by the return of the premium note to McLain & McLain at Spearman, Tex., for their indorsement; that the countersigned policy was mailed by McLain & McLain to appellant; that the application for the insurance was not rejected, and the policy issued thereon was never canceled; that the plaintiffs are the owners and holders of the note sued on, by proper transfer thereof.

The application, so far as necessary to a disposition of this appeal, reads:

"I, W. A. Schubert, post office Spearman, State of Texas, hereby make application to the American Alliance Insurance Company, New York, for insurance upon growing crops hereinafter more specifically described, against direct loss or damage by 'hail' only, to the amount of Seven-Thousand-Six-Hundred-Fifty and No/100 ($7,650.00) Dollars, beginning between twenty-four hours from the hour and date of the actual signing of this application by me and the agents of this company, unless otherwise provided hereinafter, until 12 o'clock noon of the expiration date provided herein, for the respective crops covered hereunder unless otherwise provided hereinafter, or by special agreement in writing added hereto, at the time of the signing of this application; it being understood and agreed that this insurance takes effect from the time provided herein for the commencement thereof, in accordance with the conditions hereof, and is held binding as a special agreement until twenty-four hours after the receipt of this application by this company at its policy writing office, during which time this company will either complete the contract by the issuance of a policy or reject the same by telegram or registered mail to the address given above and all liability hereunder will immediately terminate when such rejection reaches the post office or telegraph office at the above address, otherwise this insurance will continue for the term provided for herein under the following conditions and subject to the stipulations and conditions printed on the reverse side hereof."

The law seems to be settled that:

"In the absence of any stipulation fixing the time of commencement of the risk, it will be regarded as beginning with the completion of the contract. Whenever that particular act is performed, which under the circumstances is regarded as completing the contract, whether it is the approval of the application, the payment of the premium, or the delivery and acceptance of the policy, the

risk commences." 2 Cooley's Briefs on Insurance (2d Ed.) 1397, and authorities cited.

"It may be stipulated in the application that the risk shall commence upon a day named therein and in such case the policy will cover a loss occurring before its issuance but after the day so named." 2 Cooley's Briefs on Insurance (2d Ed.) 1372.

"If when the application was phoned to the agent he then accepted the application he probably did so with the understanding that it was effective 24 hours thereafter. He could not make a contract of insurance by accepting part of the proposition and rejecting a part, but he should have rejected it as a whole, if he did not agree to the proposition. He could not for his company accept that which was beneficial to it and reject that which he considered an extra burden, but he must abide by the entire contract completed upon acceptance." National Union Fire Insurance Co. v. Patrick (Tex. Civ. App.) 198 S. W. 1050, 1053.

The application for insurance obligated the company to reject the application within twenty-four hours after it reached its office at Oklahoma City either by registered mail or wire addressed to the appellant at Spearman, Tex.; otherwise the insurance would continue for the term provided for in said application. The testimony is uncontroverted that the application was received on June 25th, that it was not rejected, but the policy applied for was issued on June 25th and later countersigned and mailed to the appellant. Under these facts and the authorities above cited, it is our opinion that, if appellant had sustained a loss caused by hail only after the acceptance of the application by the insurance company and its failure to notify defendant of its rejection of such application as provided for, the company would have been liable to appellant for such loss, and that there was no failure or partial failure of consideration for the note.

Appellant challenges as error the action of the trial court in instructing the jury to find against him attorney's fees, because there was no evidence offered of the reasonableness of the amount of attorney's fees alleged.

This assignment must be sustained. The appellees admit that no proof of the reasonableness of the amount of attorney's fees was offered, and file a remittitur in this court of the amount allowed for attorney's fees.

The judgment of the trial court is therefore reformed so that the appellees have and recover of and from the defendant only the amount of their note, with 6 per cent. interest thereon.